UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDDIE LAMONT VIRGIL,

    Petitioner,

  v.                                                     Case No. 21-CV-1255

JASON WELLS,

    Respondent.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE AND RULE 4 ORDER RECOMMENDING DISMISSAL OF PETITION[1]

Eddie Lamont Virgil, who is currently incarcerated at the Racine Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Virgil has also filed a motion for leave to proceed without prepayment of the filing fee (Docket # 2) and has submitted a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of the petition in accordance with 28 U.S.C. § 1915(a)(2) (Docket # 3).

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating, "the nature of the action, defense or appeal and affiant's belief that the person is entitled to

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

redress." Upon review of Virgil's affidavit and his prison account statement, I find that he has insufficient assets to pay the $5.00 filing fee. Accordingly, Virgil's motion to proceed without prepayment of the filing fee (Docket # 2) is granted.

Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Review of Virgil's habeas petition immediately reveals several issues. First, Virgil raises three grounds for relief in his petition, all stemming from alleged Fourth Amendment violations. (Docket # 1 at 6–8.) Generally, a federal court on habeas review is precluded from reviewing a state court's Fourth Amendment determinations by *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* limited the role of the federal courts in evaluating Fourth Amendment claims of state prisoners who, relying on the exclusionary rule, contend that allegedly unconstitutionally seized evidence should not have been used against them. *Cabrera v. Hinsley*, 324 F.3d 527, 530 (7th Cir. 2003). When the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Id.* Virgil appends to his habeas petition a motion to suppress filed by his trial counsel raising these claims. (Docket # 1 at 17–22.) Thus, it appears Virgil had the opportunity to litigate these claims in state court.

Even assuming, however, that Virgil's grounds for relief are not barred by *Stone*, Virgil pled guilty in this case. (Docket # 1 at 2.) "Once a plea of guilty has been entered, non-

2

Case 2:21-cv-01255-BHL   Filed 11/04/21   Page 2 of 4   Document 5

redress." Upon review of Virgil's affidavit and his prison account statement, I find that he has insufficient assets to pay the $5.00 filing fee. Accordingly, Virgil's motion to proceed without prepayment of the filing fee (Docket # 2) is granted.

Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Review of Virgil's habeas petition immediately reveals several issues. First, Virgil raises three grounds for relief in his petition, all stemming from alleged Fourth Amendment violations. (Docket # 1 at 6–8.) Generally, a federal court on habeas review is precluded from reviewing a state court's Fourth Amendment determinations by *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* limited the role of the federal courts in evaluating Fourth Amendment claims of state prisoners who, relying on the exclusionary rule, contend that allegedly unconstitutionally seized evidence should not have been used against them. *Cabrera v. Hinsley*, 324 F.3d 527, 530 (7th Cir. 2003). When the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Id.* Virgil appends to his habeas petition a motion to suppress filed by his trial counsel raising these claims. (Docket # 1 at 17–22.) Thus, it appears Virgil had the opportunity to litigate these claims in state court.

Even assuming, however, that Virgil's grounds for relief are not barred by *Stone*, Virgil pled guilty in this case. (Docket # 1 at 2.) "Once a plea of guilty has been entered, non-

jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989). Thus, a guilty plea generally closes the door to claims of constitutional error. There is an exception, however, for instances where one's plea is rendered involuntary due to the ineffective assistance of counsel. *Avila v. Richardson*, 751 F.3d 534, 536 (7th Cir. 2014). But Virgil does not challenge the voluntariness of his plea.

Finally, Virgil acknowledges that he failed to exhaust his state court remedies as to all three of his grounds for relief because he was unaware of the 30-day time period for filing a petition for review in the Wisconsin Supreme Court. (Docket # 1 at 7–9.) Thus, his petition is procedurally defaulted. And while a procedural default can be overcome if a petitioner can show cause and prejudice for the default, *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003), "cause" must be something external to the petitioner, i.e., it cannot be something fairly attributed to him, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Virgil acknowledges that he failed to exhaust his state court remedies because he was unaware of the deadline for filing a petition for review. Beyond the fact Virgil's explanation does not implicate something external to him, ignorance or inadvertence is not "cause" excusing a default. *See id.*

Because it plainly appears from the petition that Virgil is not entitled to habeas relief, I recommend that Virgil's petition be denied and the case dismissed. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because no reasonable jurists would debate that Virgil is not entitled to relief, I recommend denial of a certificate of appealability.

**NOW, THEREFORE, IT IS RECOMMENDED** that Virgil's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a certificate of appealability be **DENIED**.

3

**IT IS ORDERED** that Virgil's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 4th day of November, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge