UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDDIE LAMONT VIRGIL,

          Petitioner,

v.                                            Case No. 21-cv-1255-bhl

JASON WELLS,

          Respondent.

## SCREENING ORDER

On October 28, 2021, petitioner Eddie Lamont Virgil filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254. (ECF No. 1.) That same day, Virgil moved for leave to proceed without prepayment of the filing fee and submitted his prisoner trust fund account statement. (ECF Nos. 2, 3.) On November 4, 2021, Magistrate Judge Nancy Joseph entered an order granting Virgil's motion. (ECF No. 5.) Later that day, Judge Joseph filed a report, recommending dismissal of Virgil's petition at the screening stage.[1] (ECF No. 6.) On November 22, 2021, Virgil filed objections to Judge Joseph's report. (ECF No. 8.)

A district court reviews, de novo, any part of a magistrate judge's disposition to which a petitioner properly objects. *See* Fed. R. Civ. P. 72(b)(3). Where no objection is raised, the magistrate's report is reviewed only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

In this case, rather than contest the validity of Judge Joseph's report, Virgil's "objections" attempt to restyle his claims to avoid the pitfalls the report highlights. (*See generally* ECF No. 8.) As Judge Joseph correctly notes, Virgil's petition fails for any of three reasons. First, his grounds for relief impermissibly stem from alleged Fourth Amendment violations contrary to *Stone v. Powell*, 428 U.S. 465 (1976). (ECF No. 6 at 2.) Second, Virgil pleaded guilty and does not

---

[1] Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Virgil's habeas petition to determine whether he has set forth cognizable constitutional or federal law claims and whether those claims have been properly exhausted in state court.

challenge the knowing or voluntary nature of his plea despite the fact that "[o]nce a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989); (ECF No. 6 at 3.) Last, Virgil's claims are procedurally defaulted because, by his own admission, he failed to timely petition the Wisconsin Supreme Court for review because he was unaware of the 30-day time period he had to do so. (*Id.*) Virgil's "objections" tacitly concede all three points. He abandons his original claims and attempts to course correct, challenging, for the first time, the knowing and voluntary nature of his guilty plea. (ECF No. 8 at 1.) The "objections," therefore, appear more like amendments to the petition itself.

Given that Virgil is not an attorney, the Court will generously construe his "objections" as a request to amend his petition to include a claim that his counsel's ineffective assistance led him to enter his guilty plea involuntarily and unknowingly. (ECF No. 8 at 1.) Under 28 U.S.C. Section 2242, a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Under Fed. R. Civ. P. 15, "[b]efore a responsive pleading is served, pleadings may be amended once as a 'matter of course'." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. P. 15(a)). Judge Joseph's report recommended that the Court dismiss Virgil's habeas petition without ordering a response from the government. Therefore, if Virgil's "objections" are read as an attempt to amend, that attempt was made before a responsive pleading was served, and the amendment should be allowed as a "matter of course."

Allowing this amendment does not entirely resolve Virgil's problems. In fact, the record shows that Virgil's new claim is also procedurally defaulted. Virgil never complained in state court about his counsel's ineffective assistance having led to an involuntary and unknowing guilty plea. And the time for him to have raised such a claim has now expired. Therefore, the Court can review the claim only if Virgil demonstrates cause and prejudice for his default or shows that a failure to consider his claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (emphasis in original). Alternatively, the miscarriage of

justice exception requires the petitioner to "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

Nothing in Virgil's original petition or his objections suggests an external impediment that prevented him from challenging the voluntary nature of his plea on appeal. Likewise, the record contains nothing close to a showing of actual innocence. Procedural default, though, is an affirmative defense, so Virgil was not required to plead around it in the first instance. *See Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004). Accordingly, the Court will allow Virgil a chance to explain why his apparent default should be forgiven. Virgil must show either: (1) cause to explain his failure to properly appeal his defaulted claim in state court, as well as (2) how the default worked to his actual and substantial disadvantage; or (3) that a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the offenses of which he was convicted. If his response does not sufficiently demonstrate a plausible basis to find either cause and prejudice or a miscarriage of justice, the Court will dismiss his petition.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Eddie Lamont Virgil must file a document showing cause why petition should not be dismissed as barred by the doctrine of procedural default. Virgil must file that document on or before **May 18, 2022**. If Virgil cannot establish cause and prejudice or a miscarriage of justice, or if he does not file the document showing cause by the May 18, 2022 deadline, the Court will dismiss the petition.

**IT IS FURTHER ORDERED** that, to the extent that Virgil attempts to maintain any claim in his original petition, the Court adopts Judge Joseph's Report and Recommendation, ECF No. 6, and denies those claims. A certificate of appealability with respect to those claims will not issue for the reasons recommended in the report.

Dated at Milwaukee, Wisconsin on April 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge