UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDDIE LAMONT VIRGIL,

            Petitioner,

v.                                                                                                     Case No. 21-cv-1255-bhl

JASON WELLS,

            Respondent.

---

## ORDER DISMISSING HABEAS PETITION

---

      On October 28, 2021, petitioner Eddie Lamont Virgil filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254. (ECF No. 1.) On April 18, 2022, the Court screened Virgil's petition and concluded that he had procedurally defaulted on his only valid claims. (ECF No. 9 at 2.) It therefore directed him to file a document showing cause why his petition should not be dismissed. (*Id.* at 3.) On April 29, 2022, Virgil filed his response. (ECF No. 10.) Because the response contains nothing that would excuse Virgil's procedural default, his petition will be dismissed.

      A habeas petitioner procedurally defaults on his claims when he fails to seek timely review via appropriate state court channels. *See United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989). A federal court can only excuse this default if the petitioner is able to show cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010 (citing *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (emphasis in original). To invoke the miscarriage of justice exception, the petitioner must "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

Virgil's habeas petition alleges that his guilty plea was rendered involuntary due to the ineffective assistance of counsel. (ECF No. 8 at 1.) He admits that he procedurally defaulted on this claim. (ECF No. 10.) And he concedes that he cannot show actual innocence, so the miscarriage of justice exception is inapplicable. (*Id.* at 1.) But he contends that he can show cause and prejudice because, as someone without a formal legal education, he did not understand that he needed to challenge the nature of his guilty plea on appeal to avoid procedural default. (*Id.* at 1-2.) "Cause," though, "must be something *external* to the petitioner." *Coleman*, 501 U.S. at 753 (emphasis in original). For example, "[a]ttorney error that constitutes ineffective assistance of counsel is cause." *Id.* at 753-54. Virgil does allege attorney error, but the error he cites is his attorney's failure to explain the implications of his guilty plea. He does not allege any attorney error relating to failure to challenge the nature of that plea on appeal. Only the latter would establish cause to excuse procedural default. In other words, the alleged ineffective assistance that precipitated the guilty plea itself cannot also be the cause that excuses the failure to challenge that ineffectiveness on appeal. Virgil argues that the Court should not dismiss an otherwise meritorious claim based on the petitioner's ignorance of habeas' complicated prerequisites. Ignorance, however, is not "cause." *See Id.* at 753.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the habeas petition, ECF No. 1, is **DISMISSED**. A certificate of appealability will also be **DENIED**. The Court does not find that reasonable jurists would believe that the petitioner has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 4, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge